Larry TATE *v.* STATE of Arkansas

CA CR 80-14                                    600 S.W. 2d 915
Court of Appeals of Arkansas
Opinion delivered June 4, 1980
Released for publication June 25, 1980

688

*Ben Johnson, Jr.*, for appellant.

*Steve Clark*, Atty. Gen., by: *James F. Dowden*, Asst. Atty. Gen., for appellee.

ERNIE E. WRIGHT, Chief Judge. The appellant Larry Tate was convicted of theft of property by mistake, a violation of Ark. Stat. Ann. § 41-2205, a Class B or C misdemeanor. He asserts a number of grounds for reversal, but we discuss only one point as we find it to be dispositive of the case.

Appellant contends the court erred in instructing the jury it could consider the guilt of appellant for violation of Ark. Stat. Ann. § 41-2205 which deals with theft of property delivered by mistake.

The appellant was charged by information with the crime of theft of property in violation of Ark. Stat. Ann. § 41-2203, a Class C felony, it being alleged that he did unlawfully and knowingly, with the purpose of depriving the owner of its property, take unauthorized control over monies having a value in excess of $100.00 and being the property of Weyerhauser Company.

Appellant was an employee of Weyerhauser Company and received payroll checks which included excessive pay

aggregating the sum of $430.00 for hours he did not work. The overpayments resulted from changes in appellant's time slips having been made by someone unknown. After the above criminal charge was filed appellant reimbursed his employer for the overpayments. At the close of the evidence the court, over objections of appellant, instructed the jury that if it had a reasonable doubt of appellant's guilt on the charge of theft of property it would then consider the charge of theft of property delivered by mistake, and proceeded to give the following instruction:

> To sustain this charge the State must prove the following things beyond a reasonable doubt:
>
> First: That LARRY TATE came into control of property of another person;
>
> Second: That LARRY TATE retained the property knowing it to have been delivered under a mistake as to the amount of the property; and
>
> Third: That, with the purpose of depriving anyone having an interest in the property, LARRY TATE failed to take reasonable measures to restore the property to a person entitled to it.

The appellant specifically objected to the foregoing instruction on the ground he was not charged with violation of § 41-2205, theft of property delivered by mistake, such charge was not incorporated in the information and appellant had no notice of same.

The gist of the crime of theft of property delivered by mistake under § 41-2205 is the failure to take reasonable measures to restore the property to the person entitled thereto. This is distinct and separate from any element contained in the charge filed against appellant and from the crime prohibited by § 41-2203, which embraces the crime of theft of property by knowingly taking or exercising unauthorized control over the property of another, with the purpose of depriving the owner thereof. The focus of § 41-2203 is on the unlawful taking of possession with the intent to deprive

the owner of his property; whereas, the gravamen of a violation of § 41-2205 is the wrongful failure to take reasonable measures to restore to the owner property received by mistake.

The state contends that a violation of § 41-2205 is a lesser included offense under § 41-2203, but we do not agree. The charge against appellant does not contain any allegations relating to appellant receiving the property by mistake or failing to take reasonable measures to restore it. The charge does not contain all the ingredients of the lesser offense of which appellant was convicted, and a conviction of a lesser offense cannot be sustained under such circumstances, even though the evidence supplies the missing element. *Caton & Headley* v. *State*, 252 Ark. 420, 479 S.W. 2d 537 (1962).

We hold that the information was ineffective to charge appellant with the crime of theft of property delivered by mistake, and that the court erred in instructing the jury that it could consider the guilt of the appellant under § 41-2205.

Reversed.